# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHANCE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17CV98 |
| | ) | |
| OLYMPUS AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on a motion to dismiss filed by Defendant Olympus America, Inc. (Docket Entry 8.) Plaintiff, Chance Williams, filed a response to this motion, along with a supporting affidavit. (Docket Entries 13, 14.) For the following reasons, the Court recommends that Defendant's motion to dismiss be converted to a motion for summary judgment, and be granted.

## I. BACKGROUND

Plaintiff originally filed this action against Defendant in Rowan County Superior Court. The action was removed to this Court on February 2, 2017. (Docket Entry 1.) According to the Complaint, Plaintiff is a resident of Rowan County who frequently receives medical attention from the Veteran's Health Administration. (Compl. ¶ 5, Docket Entry 4.) Defendant is engaged in the business of manufacturing and selling medical devices including endoscopes, which are used for medical procedures within the human body. (*Id.* ¶ 2.) This device requires cleaning and disinfecting after each use. (*Id.* ¶ 4.) According to the Complaint,

"[a] manufacturer of a medical device [intended for use on multiple patients] has an obligation to develop and validate a cleaning and disinfecting protocol, and to incorporate this protocol into the product's instructions." (*Id.*) On May 5, 2011, Dr. Joseph Perry performed an endoscopy procedure on Plaintiff at the Womack Army Medical Center. (*Id.* ¶ 5.) Plaintiff asserts that "[a]fter this procedure, [he] suffered many painful physical injuries." (*Id.* ¶ 6.) On December 10, 2014, Plaintiff received a letter indicating that the Joint Commission "found gaps in Womack Army Medical Center's cleaning processes and documentation of Womack's quality control efforts with the endoscope used on the Plaintiff." (*Id.* ¶ 7.) Defendant was the manufacturer of the endoscope used during Plaintiff's procedure. (*Id.* ¶ 8.)

As a result of his physical injuries, Plaintiff filed this cause of action against Defendant claiming both negligence and breach of warranties on the part of Defendant. (*Id.* ¶¶ 10-22.) Plaintiff filed the Complaint in Rowan County Superior Court on December 28, 2016, after an order was granted on December 8, 2016 extending the time to file the Complaint. (Ex. A, Docket Entry 9-1.) After removing this action to federal court, Defendant filed the instant motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry 8.) Defendant asserts that Plaintiff's Complaint falls outside the statute of limitations set forth in N.C. Gen. Stat. § 1-52(16). (Docket Entry 9 at 2.) In response, Plaintiff filed both an opposition brief and a supporting affidavit. (Docket Entries 13, 14.) The affidavit is not referred to in the Complaint.

## II. DISCUSSION

### Relevant Standard of Review

When documents outside of the pleadings are submitted in relation to a motion to dismiss, the motion to dismiss should generally be converted to a motion for summary judgment as long as the parties have both notice of the conversion and an opportunity for discovery. *See* Fed. R. Civ. P. 12(d); *Woods v. Colvin*, No. 1:15CV763, 2016 WL 1328951, at *2 (M.D.N.C. Apr. 5, 2016) (unpublished) ("Because these documents contain information not referenced in the Complaint, the Commissioner's Motion to Dismiss should be converted into a motion for summary judgment."); *Morris v. Lowe's Home Ctrs., Inc.*, No. 1:10-CV-388, 2011 WL 2417046, at *2 (M.D.N.C. June 13, 2011) (unpublished) ("When 'matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56.'"). The first requirement—notice—is satisfied when the court gives the parties "some indication . . . that it is treating the 12(b)(6) motion as a motion for summary judgment." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (internal quotation and citation omitted). The second requirement is that the court must afford the parties "a reasonable opportunity for discovery" before converting the motion. *Id.* (internal quotation and citation omitted).

In light of these considerations, the Court issued an order on May 18, 2017, informing both parties that Defendant's motion to dismiss should be converted to a motion for summary judgment, and affording them additional time to indicate if additional discovery on the limited issues raised in Defendant's motion was necessary. (Docket Entry 17.) Plaintiff did not file a response, and Defendant's response indicates that it "believes the information presently

3

before the Court establishes the statute of limitations has run on Plaintiff's claim." (Docket Entry 18 at 1.) The undersigned therefore concludes that the parties had both notice of the conversion and a "'reasonable opportunity' to present materials relevant to [their] response[s]." *Derosa v. Colvin*, No. 5:14-CV-414-FL, 2014 WL 5662771, at *2 (E.D.N.C. Nov. 4, 2014) (unpublished); *see also Woods*, 2016 WL 1328951, at *3 (converting motion to dismiss into summary judgment motion after Plaintiff was given a reasonable opportunity to respond). Thus, the undersigned finds that the Court should convert Defendant's motion to dismiss into a motion for summary judgment.

## Summary Judgment Standard

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997). The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. *Temkin v. Frederick Cty. Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party such that a fact finder could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Sylvia Dev. Corp. v. Calvert Cty., Md.*, 48 F.3d 810, 817 (4th Cir. 1995). Thus, the moving party can bear its burden either by presenting affirmative evidence or by demonstrating that the non-moving party's evidence is insufficient

ill, thereby disregarding when Plaintiff received a recall notice for the medication). The statute of limitations can be tolled in the event of a latent injury, but "as soon as the injury becomes apparent to the claimant or should reasonably become apparent, the cause of action is complete and the limitation period begins to run." *Pembee Mfg. Corp. v. Cape Fear Const. Co.*, 313 N.C. 488, 493, 329 S.E.2d 350, 354 (1985). "It does not matter that further damage could occur; such further damage is only aggravation of the original injury." *Id.*

Here, the undisputed facts before the Court, viewed in a light most favorable to the Plaintiff, cannot survive summary judgment. The Complaint was originally filed on December 28, 2016, after an order was granted on December 8, 2016 extending the time to file the Complaint. (Ex. A, Docket Entry 9-1.) Thus, in order to fall within North Carolina's three-year statute of limitations, Plaintiff's injury must not have become reasonably apparent until at least December 28, 2013. *Pembee*, 313 N.C. at 493, 329 S.E.2d at 354. Plaintiff does not allege a specific date in his Complaint when he discovered the injury; however, Plaintiff admits in his affidavit that he began experiencing "recurrent cough, fever, and weight loss," along with an inability to properly digest food and constant pain in his digestive system, after the procedure performed at Womack Army Medical Center on May 4, 2011. (Pl.'s Aff. ¶¶ 2-3, Docket Entry 13.) There is not sufficient evidence in the record to conclude that Plaintiff's injury did not become reasonably apparent until more than two and a half years after the procedure that allegedly caused it.

To the extent Plaintiff asserts that he discovered his injury when he received the letter from Colonel Ronald T. Stephens on December 10, 2014, notifying Plaintiff of "gaps in the [endoscope] cleaning processes," his argument fails. (*See id.* ¶ 4; *see also* Pl.'s Br. at 3, Docket

Entry 14 ("The mental anguish and suffering he endured did not exist until after receiving the letter.").) Here, Plaintiff's learning of additional facts about his injury, including the potential tortfeasor, is immaterial as to when he did, in fact, discover the physical injury.[1] *See e.g., Hurley v. Leach*, 160 N.C. App. 595, 587 S.E.2d 682, 2003 WL 22289873, at *2 (2003) (unpublished) ("Even considered in the light most favorable to the plaintiff, her materials do not show that her injuries were latent or unknown to plaintiff, only that she did not realize the seriousness of such injuries until a later date."); *see also Dorman v. Campbell*, 331 S.C. 179, 184, 500 S.E.2d 786, 789 (Ct. App. 1998) (applying South Carolina law) ("[T]he statutory period of limitations begins to run when a person could or should have known, through the exercise of reasonable diligence, that a cause of action might exist in his or her favor, rather than when a person obtains actual knowledge of either the potential claim or of the facts giving rise thereto."). Having found no genuine issue of material fact as to whether the statute of limitations has run on Plaintiff's claim, Defendant's motion should be granted.

---

[1] The Court further notes that the cases upon which Plaintiff relies are distinguishable. In *Black v. Littlejohn*, 312 N.C. 626, 325 S.E.2d 469 (1985), the North Carolina Supreme Court appears to limit its holding to medical malpractice claims applying N.C. Gen. Stat. § 1-15(c). That Court held that "plaintiff's cause of action falls within the one-year-from-discovery provision of G.S. 1–15(c) because plaintiff was not aware of defendant's wrongful conduct or alleged negligence in failing to inform her of alternative drug therapies, and that such wrongful conduct was not readily apparent at the time of surgery but was discovered more than two years thereafter." *Id.* at 646–47, 325 S.E.2d at 483. In *Crawford v. Boyette*, 121 N.C. App. 67, 464 S.E.2d 301 (1995), the North Carolina Court of Appeals reviewed a personal injury claim surrounding water contamination. That Court held that the "[p]laintiff was not notified of the results until he received a letter dated 6 April 1989. No warnings were provided to plaintiff regarding petroleum contamination until plaintiff received the State's detailed findings dated 2 June 1989." *Id.* at 72, 464 S.E.2d at 304. The Court also noted that "[t]o hold otherwise, would penalize a party for taking precautionary measures while awaiting action from state agencies." *Id.* at 71, 464 S.E.2d at 304. Neither case is applicable to the facts in the instant matter.

to establish its claim. *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting). When making the summary judgment determination, the Court must view the evidence—and all justifiable inferences to be drawn from the evidence—in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997). However, the party opposing summary judgment may not rest on mere allegations or denials, and the court need not consider "unsupported assertions" or "self-serving opinions without objective corroboration." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996); *Anderson*, 477 U.S. at 248-49.

## Statute of Limitations

It is undisputed that North Carolina law applies in this case. The statute of limitations in a personal injury action in North Carolina is three years. *Williams v. Advance Auto Parts, Inc.*, 795 S.E.2d 647, 651 (N.C. Ct. App. 2017) (citing N.C. Gen. Stat. § 1–52(16) (2015)); *see also Driggers v. Sofamor, S.N.C.*, 44 F. Supp. 2d 760, 766 (M.D.N.C. 1998) ("The statute of limitations for a personal injury claim sounding in negligence is three years under N.C. Gen. Stat. § 1–52(5)."). This three-year limitation also applies to breach of warranty actions. *See* N.C. Gen. Stat. § 1–52(1). In personal injury cases, the statute of limitations begins to run when "bodily harm to the claimant . . . becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs." N.C. Gen. Stat. § 1-52(16). As Defendant correctly asserts, in this instance, the statute of limitations does not wait for the injured party to learn that the cause of his injury might be tortious. *See Koehler v. Rite-Aid Pharmacy*, No. 3:12CV46, 2012 WL 896144, at *2 (W.D.N.C. Mar. 15, 2012) (unpublished) (finding that the statute of limitations began running on plaintiff's product liability claim when he began feeling

5

## III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Defendant's motion to dismiss (Docket Entry 8) be converted to a motion for summary judgment, be **GRANTED**, and that this action be dismissed.

*Joe L. Webster*
United States Magistrate Judge

May 31, 2017
Durham, North Carolina